■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GORDON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 25, 1990, convicting him of arson in the second degree, burglary in the second degree, and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 5, 1989, a fire was intentionally started in Pedro Calderon's apartment at 189 South 8th Street in Brooklyn. Earlier that day, the defendant's sister had been shot. After learning his sister had been shot, and suspecting Calderon, the defendant went to Calderon's apartment building, where he joined others who were throwing bottles at the building. When the police arrived the defendant went to the back of the building and continued to throw bottles at the building. The defendant admitted breaking a window of Calderon's apartment, but he denied starting the fire. At the trial, however, a witness testified that she saw the defendant break and later

enter a window to the Calderon apartment, and heard him say "I am gonna' burn you to death".

The defendant contends that the prosecutor's improper remarks deprived him of a fair trial. We disagree. Reversal for prosecutorial misconduct is not called for "when the misconduct has not substantially prejudiced [the] defendant's trial [since] [r]eversal is an ill-suited remedy for prosecutorial misconduct [because] it does not affect the prosecutor directly, but rather imposes upon society the cost of retrying an individual" *(People v Galloway,* 54 NY2d 396, 401; *see also, People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837).

In the present case, the defendant's contentions were not preserved for appellate review since the defendant either failed to object to the alleged improper remarks of the prosecutor at trial, or failed to move for a mistrial once the court sustained an objection and issued a curative instruction *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953; *People v Rodriguez,* 135 AD2d 586). In any event, some of the remarks the defendant challenged were fair comment on the evidence and the remaining remarks, although improper, were harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v Melendez,* 158 AD2d 720; *People v Boyajian,* 148 AD2d 740). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.