■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN WHITE, Appellant. [601 NYS2d 355] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered January 6, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his conviction should be reversed by reason of the cumulative prejudicial effect of the prosecutor's misconduct. Reversal for prosecutorial misconduct is not called for " 'when the misconduct has not substantially prejudiced [the] defendant's trial [since] [r]eversal is an ill-suited remedy for prosecutorial misconduct [because] it does not affect the prosecutor directly, but rather imposes upon society the cost of retrying an individual' " (People v Galloway, 54 NY2d 396, 401, quoting United States v Modica, 663 F2d 1173, 1184, cert denied 456 US 989; see also, People v Gordon, 180 AD2d 748). In any event, we conclude that the cumulative effect of the claimed errors, both those preserved and those unpreserved for appellate review, was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

Moreover, the court's charge to the jury, viewed as a whole, adequately conveyed the proper standards for evaluating the evidence presented and eliminated any danger that a convic-

tion would be based upon the defendant's mere retention of a single vial of crack cocaine *(see, People v Johnson,* 190 AD2d 753). Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.