■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG WILLIAMS, Appellant. [730 NYS2d 102] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered February 26, 1997, convicting defendant, after a jury trial, of robbery in the second degree and assault in the second degree, and sentencing him to concurrent terms of 7½ to 15 years and 3½ to 7 years, respectively, and order, same court (John Byrne, J.), entered on or about October 4, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion based on his physical condition, consisting of some facial swelling and bruises, which the court assessed as too insignificant to prejudice the jury (*see, People v Brown*, 202 AD2d 266, 267, *lv denied* 83 NY2d 964; *People v Jones*, 213 AD2d 184, *lv denied* 85 NY2d 975). Defendant's injuries, even if noticeable, would not necessarily cause a jury to assume that defendant was incarcerated or to draw any unfavorable inference against him, particularly since the court charged the jury that it was not to consider defendant's physical condition, which instruction the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102, 1104). The alleged misconduct of correction officers in inflicting those injuries was not designed to affect the judicial proceedings and was therefore not a basis for a mistrial (*see, People v Brown*, 136 AD2d 1, *lv denied* 72 NY2d 857, *cert denied* 488 US 897). Although defendant requested an investigation, by some unspecified "agency," into the conduct of the correction officers, he never requested a judicial hearing into the extent or causes of his injuries or his mental and physical competency to stand trial, though the court offered him an opportunity to make a record. Accordingly, the issue of whether such a hearing should have been conducted is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that no hearing was necessary given the court's observations that the injuries were minor (*see, People v Tortorici*, 92 NY2d 757, *cert denied* 528 US 834).

Defendant's CPL 440.10 motion to vacate the judgment, made on the above grounds, but supported with various exhibits not part of the trial record, was properly denied. While an article 440 motion is designed for the purpose of developing facts dehors the trial record, this does not apply to facts that should have been placed on the record during trial (*see, CPL 440.10 [3] [a]). Here, as noted, defendant made no request for a judicial hearing as to any of the issues raised on his appeal

and article 440 motion. Furthermore, the issues of whether the trial court should have granted the mistrial motion or conducted a hearing are issues that may be resolved on the existing record (*see*, CPL 440.10 [2] [b]). In any event, were we to reach the motion on the merits, we would find no basis for vacatur. The prison medical records submitted in connection with the motion confirm the trial court's assessment that the injuries were not significant.

The court properly exercised its discretion in denying defendant's mistrial motion following a police witness's inadvertent disclosure of inadmissible uncharged crimes evidence (*see*, *People v Young*, 48 NY2d 995). The court immediately sustained an objection and offered to give a curative instruction, which offer defendant did not accept. In any event, any error was harmless in light of the overwhelming evidence of defendant's guilt.

We have considered and rejected defendant's remaining claims. Concur—Rubin, J. P., Saxe, Buckley, Friedman and Marlow, JJ.