*585 Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 27, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support his conviction of murder in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of that crime, including the element of intent, beyond a reasonable doubt (see People v Correa, 265 AD2d 338, 339 [1999]). Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The County Court correctly declined to charge manslaughter in the first degree as a lesser-included offense of murder in the second degree, as no reasonable view of the evidence warranted such a charge (see People v Butler, 84 NY2d 627, 634 [1994]; People v Trovato, 68 AD3d 1023, 1024-1025 [2009]; People v Collins, 290 AD2d 457, 458 [2002]).
The County Court improperly permitted the People to elicit testimony from a police witness regarding the defendant’s prior affiliation with a gang, because the probative value of this evidence was outweighed by the possible prejudice to the defendant. Nonetheless, the error was harmless, as there was overwhelming evidence of the defendant’s guilt and no significant probability that the error contributed to his conviction (see People v Galloway, 54 NY2d 396, 401 [1981]; People v Crimmins, 36 NY2d 230, 242 [1975]; People v Gordon, 180 AD2d 748, 749 [1992]).
The defendant’s contention that he was deprived of a fair trial due to the fact that he had visible physical injuries during jury selection is without merit (see People v Williams, 286 AD2d 620 [2001]). Additionally, the defendant was not deprived of his *586 right to due process when the County Court declined to conduct a hearing into the cause of his injuries (see People v Williams, 286 AD2d at 620).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.