■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO AGUILERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered March 19, 1987, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by the court's Sandoval ruling (see, People v Sandoval, 34 NY2d

371). It is well settled that " 'the exclusion of prior convictions is largely, if not completely, a matter of discretion which rests with the trial courts' " *(People v Mackey,* 49 NY2d 274, 281, quoting *People v Shields,* 46 NY2d 764, 765). Contrary to the defendant's contention the trial court did not abdicate its discretionary responsibilities in rendering its *Sandoval* ruling *(see, People v Williams,* 56 NY2d 236). Indeed, although the trial court's ruling did permit inquiry into many of the defendant's past convictions *(see, People v Sito,* 114 AD2d 1049; *People v Torres,* 110 AD2d 794), the court did exercise its discretion to minimize the prejudicial effect of its ruling.

At the outset, the court considered only those convictions which were rendered within the 10 years immediately preceding this trial. Moreover, the court precluded inquiry into the underlying facts of the defendant's two prior felony convictions, permitting the People to introduce only the bare fact that the defendant had twice been convicted of felonies. The court suppressed the underlying burglary and robbery elements of one misdemeanor conviction and, in view of the instant drug charges, suppressed evidence of all of the convictions related to the defendant's past drug-related criminality, thereby eliminating the element of the defendant's propensity to commit drug-related crimes. Accordingly, we find that the trial court's *Sandoval* ruling did not constitute an improvident exercise of discretion.

We also disagree with the defendant's assertion that he was unduly prejudiced by the court's *Sandoval* ruling because of the number of his past convictions which were deemed admissible. This court has recognized that broad *Sandoval* rulings admitting an excessive number of past convictions may be unduly prejudicial as they may permit a jury to infer that a defendant has a propensity to commit crimes similar to those on which he is standing trial *(see, People v Myrick,* 128 AD2d 732; *see also, People v Bowles,* 132 AD2d 465). However, the instant case does not present such a situation as the court suppressed all of the defendant's past crimes which bore any similarity to the instant charges. Moreover, the larceny-related crimes which were admitted tended to corroborate the defendant's proffered theory of defense, i.e., that he was actually engaged in what he characterized as a "rip-off" sale of a nonnarcotic substance resembling the type of cocaine known as "crack". Accordingly, we do not find the trial court's *Sandoval* ruling to have been unduly prejudicial.

We also reject the defendant's claim that he was deprived of a fair trial as a result of the prosecutor's summation remarks.

Contrary to the People's position, the majority of the defendant's challenges to the prosecutor's remarks were preserved for appellate review since the defendant moved for a mistrial at the close of the prosecutor's summation based upon most of the remarks challenged on appeal *(see,* CPL 470.05 [2]). However, we conclude that the vast majority of the prosecutor's allegedly objectionable remarks constituted either fair comment on the evidence or were properly responsive to comments made by defense counsel in summation *(see, People v Rawlings,* 144 AD2d 500). Any error caused by the remaining challenged remarks was harmless in view of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

Finally, under the circumstances of this case, we do not agree with the defendant's contention that the imposed sentence of an indeterminate term of 7 to 14 years' imprisonment for his conviction of criminal sale of a controlled substance in the third degree was unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Contrary to the defendant's position, there is no evidence to suggest that the imposed sentence was intended to punish him for his decision to go to trial *(see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087; *People v Sanders,* 128 AD2d 741). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.