OPINION OF THE COURT
Gloria Goldstein, J.
The underlying issue presented is whether the question of a statement’s admissibility under those principles as enunciated *573 in People v Huffman (41 NY2d 29) should properly be submitted to a jury.
In the instant action, after a prior Justice determined, on a pretrial motion, that defendant’s statements were admissible on Huffman grounds, this court refused to resubmit to a jury the question of the statements’ admissibility. In this case of apparent first impression, it was held that the basis for the admission of the statements was an issue of law, and not an appropriate subject for a jury’s consideration.
Defendant Samuel Soto was indicted on one count of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree. Following defendant’s motions to suppress his statements as well as certain physical evidence recovered, pretrial hearings were conducted by another Justice and these motions were denied in their entirety.
At trial, the People’s case was based upon the testimony of Police Officers Bruce Hammonds and Michael Torres. Officers Hammonds and Torres testified that on June 30, 1989, at approximately 5:45 p.m., they were assigned to the surveillance of a schoolyard on Eagle Street in Brooklyn. From their vantage point in a marked patrol car on Eagle Street, they observed defendant Soto inside the schoolyard facing another individual who was then seated on a bicycle. Each man had a hand outstretched toward the other. The man on the bicycle appeared to be passing currency to defendant, while defendant handed over a clear plastic vial with a gold colored cap. In his other hand, defendant held a brown paper bag.
Upon the officers’ approach, the man on the bicycle fled, while defendant threw the brown bag to the ground. Defendant was asked what he was doing at the location, and further, whether the paper bag and a shirt lying on the ground belonged to him. At the pretrial suppression hearings, defendant’s responses to these questions were ruled admissible. The presiding Justice at the hearing found that these statements were made in response to threshold or preliminary inquiries and were thus admissible, notwithstanding the fact that defendant had not been advised of his Miranda warnings. The basis for his decision* was apparently predicated upon the Court of Appeals decision in People v Huffman (supra), where the court held that cursory and threshold-type inquiries *574 merely designed to clarify a situation — rather than to coerce a statement — need not be preceded by Miranda warnings.
With both the prosecution and defense agreeing that Miranda warnings had not been administered to defendant Soto, and the sole remaining issue having been the applicability of the Huffman holding to the case at bar, this court precluded any cross-examination at trial on the question of whether Miranda warnings had been administered. The prior Justice having decided the Huffman issue, and there being no other challenges to the voluntariness of the statements, this court held that the issue should not be submitted to the jury and thus need not be relitigated. Defendant objected, arguing that whether his statements were "involuntarily made”, should nonetheless have been an issue at trial.
CPL 60.45, in conjunction with CPL 710.70, governs the admissibility of a defendant’s confessions, admissions, and other statements. Pursuant to CPL 60.45 (2) (b) (ii), a statement is involuntarily made when it is obtained "[b]y a public servant * * * in violation of such rights as the defendant may derive from the constitution of this state or of the United States.” CPL 710.70 provides, in pertinent part, that a defendant may, notwithstanding an advérse pretrial ruling, attempt at trial to establish that the statement was involuntarily made within the meaning of CPL 60.45 and "[i]n the case of a jury trial, the court must submit such issue to the jury under instructions to disregard such evidence upon a finding that the statement was involuntarily made.” (CPL 710.70 [3].)
This is the so-called "two bite” rule necessitated by Jackson v Denno (378 US 368). When submitted to the jury, the trial court must instruct the jury to disregard the statement unless the People establish that it was "voluntarily made” beyond a reasonable doubt (People v Huntley, 15 NY2d 72, 78). The Court of Appeals has followed the literal language of the statutes and has arguably extended their application by holding that even claims other than those involving the issue of voluntariness in the generally understood classic sense, would be appropriate for submission to the jury (see, People v Graham, 55 NY2d 144; People v Griswold, 58 NY2d 633).
In People v Graham (supra), the trial court was required to submit to the jury the question whether Miranda warnings were given and whether defendant waived those rights. In People v Griswold (supra), the court was required to submit the question of whether defendant waived his right to counsel *575 prior to making statements. In each case, however, unlike the case at bar, the issue to be submitted to the jury was clearly a factual one.
The literal language of the statutes (CPL 60.45, 710.70) and the Court of Appeals decisions which clearly require submission of Miranda issues, have not, in this court’s view, obliterated the distinction between legal issues which are properly determined by the court, and factual issues to be submitted to the jury. Thus, in People v Medina (146 AD2d 344, affd on other grounds 76 NY2d 331), it was held that the question of whether a defendant’s right to counsel had attached under the Rogers-Bartolomeo rule (People v Rogers, 48 NY2d 167; People v Bartolomeo, 53 NY2d 225) was a legal issue and properly withheld from the jury. This issue was withheld because, in the words of the Appellate Division (146 AD2d, at 350), "[t]o decide this issue * * * would require a knowledge of the criminal justice system which not only lay people, but even lawyers who are not active in such practice, do not possess.”
The same rationale can aptly be applied concerning the Huffman issue presented in the case at bar. It is unrealistic to expect the jury to recognize and apply the distinctions between permissible street inquiry, and the kind of questioning which has uniformly been held to require Miranda warnings (see, People v Cerrato, 24 NY2d 1, 9-10, cert denied 397 US 940; People v R. N., 23 NY2d 963; People v Shivers, 21 NY2d 118). It is the resolution of a question of law which only the court can make.
Graham (supra) and Griswold (supra) involved a purely factual issue — whether the defendants knowingly and voluntarily waived their constitutional rights.
Here, there exists no such issue; Miranda warnings were concededly never given, and the facts surrounding defendant’s admissions are entirely undisputed. Within the context of this scenario, the residual legal issue should not be submitted to a jury under the aegis of compliance with CPL 60.45 and 710.70.
As was noted in Medina (supra), a truly literal reading of the statutes (CPL 60.45, 710.70) would require a blanket submission of any and all constitutional issues touching on the admissibility of a statement. Questions of probable cause under Dunaway (Dunaway v New York, 442 US 200), warrant-less entries under Payton (Payton v New York, 445 US 573), attenuation (People v Tanner, 30 NY2d 102), "cat-out-of-the-bag” taint (Wong Sun v United States, 371 US 471), would all *576 necessarily be submitted to a jury (People v Medina, supra, at 350, quoting lower court opn 138 Misc 2d 653). It is hardly a denigration of the jury system to recognize the impracticality and lack of feasibility in a mandate of this nature (People v Graham, 55 NY2d, supra, at 152).
A Trial Judge is required to charge on a specific issue of voluntariness only when " 'evidence sufficient to raise a factual dispute has been adduced’ ” (1 CJI[NY] 11.00, at 611; People v Watts, 29 AD2d 878). There must be some evidence adduced which raises a factual as opposed to a legal dispute whether a statement was "involuntarily made”, and the factual issue must be specific.
In the case of a Huffman type "on-the-scene” questioning, only when there exists a legitimate factual dispute as to the circumstances surrounding the alleged on-the-scene threshold inquiry may a jury question arise. In the absence of such a dispute, it remains a question for the court whether, as a predicate matter, interrogation has taken place at all.

 This court is, of course, bound by the prior ruling of a Judge of concurrent jurisdiction (see, People v Jennings, 69 NY2d 103,113-114).