■ JANE LABATE, as Mother and Natural Guardian of JACQUELINE A. POMISEL, an Infant, Appellant, v DAVID PLOTKIN et al., Respondents. [600 NYS2d 144] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Ro-

berto, J.), entered August 31, 1990, which, upon a jury verdict in favor of the defendants and against her, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The defendant David Plotkin was the plaintiff's obstetrician and delivered her daughter Jacqueline on January 21, 1976. Jacqueline is mentally retarded and also suffers from additional maladies. The plaintiff commenced the present action alleging, *inter alia,* that Dr. Plotkin's failure to perform a cesarean section and to attach an internal fetal monitor was a departure from accepted medical standards. The jury determined that Dr. Plotkin had not departed from accepted medical standards in his care of the plaintiff.

However, during cross-examination the defense counsel improperly utilized hearsay statements from medical textbooks and articles which the plaintiff's experts had not accepted as authoritative. It is well settled that on cross-examination an expert witness may be confronted with a passage from a treatise or book which contradicts the opinion the expert witness previously expressed on the stand, only after the expert witness has accepted the treatise or book as authoritative *(see, Mark v Colgate Univ.,* 53 AD2d 884, 886). In light of the numerous instances in which the defense counsel utilized passages of books not accepted as authoritative, we find that the plaintiff was unduly prejudiced and is entitled to a new trial *(see, Mark v Colgate Univ., supra,* 53 AD2d, at 886). We note that although the defense counsel did not read directly from the books, his questions clearly indicated to the jury that the statements which he read off his notepad were taken from those texts.

We find that the plaintiff's remaining contentions are without merit. Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.