■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS SMITH, Appellant. [619 NYS2d 990] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of second degree murder and first degree robbery, for which he was sentenced as a juvenile offender to concurrent terms of incarceration of nine years to life and one to three years. Defendant contends that County Court erred in denying his motion to suppress statements he made to police; that the court erroneously failed to instruct the jury, in connection with his "second bite" *Miranda* claim, concerning the *Chapple-Bethea* rule of taint-attenuation *(see, People v Chapple,* 38 NY2d 112; *People v Bethea,* 67 NY2d 364); and that the sentence is excessive.

The court properly denied the motion to suppress. There is no merit to the contention that the initial oral statement was obtained in violation of defendant's *Miranda* rights and tainted the subsequent written statement, which was preceded by *Miranda* warnings. The record establishes that defendant was not in custody at the time he made his oral statements *(see, Miranda v Arizona,* 384 US 436, 444; *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Rodney P.,* 21 NY2d 1, 7-9). Moreover, those statements were not the product of "interrogation," i.e., either express questioning or "words or actions on the part of the police * * * that the police should know are reasonably likely to elicit an incriminating response" *(Rhode Island v Innis,* 446 US 291, 301; *see, People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007). "[N]ot every comment made by a police officer in response to an

inquiry by the defendant can be said to constitute interrogation, merely because it is followed by an incriminating statement from the defendant" *(People v Rivers,* 56 NY2d 476, 479, citing *People v Lynes,* 49 NY2d 286, 294-295).

The court did not err in denying defendant's request to instruct the jury on the *Chapple-Bethea* doctrine *(see, People v Salem,* 167 AD2d 840, *lv denied* 77 NY2d 911).

We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.