■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO PERRILLA, Appellant. [660 NYS2d 113] —Appeal from judgment, Supreme Court, Bronx County (William Wallace, III, J., on motion; Steven Barrett, J., at suppression hearing, trial and sentence), rendered December 15, 1994, convicting defendant, after a jury trial, of two counts of robbery in the first degree and one count of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, held in abeyance and the matter remanded to Supreme Court for a *Dunaway* hearing.

The hearing court's refusal to address defendant's claim that he was arrested without probable cause was improper (*People v Davis*, 169 AD2d 379). Here, where defendant raised this issue in his omnibus motion, the People consented to a hearing that would encompass the issue, the motion court ostensibly ordered a hearing to include the issue and where, in the course of the hearing held, it became clear that defense counsel had been misled on the issue by the People's concededly inaccurate CPL 710.30 notice, it unquestionably should have been addressed at the hearing. Moreover, the defendant alleged sufficient factual allegations to support a hearing as to probable cause for the arrest (*see, People v Mendoza*, 82 NY2d 415; *People v Estrada*, 147 AD2d 407), and, as a matter of fairness, the revelation of the defective notice at the hearing held required expansion of that hearing to include the probable cause issue (*see, People v Misuis*, 47 NY2d 979, 981; *People v Wise*, 46 NY2d 321, 329). Also, given the defective notice and the ambiguity of the motion court's ruling on the issue, the hearing court was not bound by that ruling, where such adherence would clearly result in significant unfairness (*see, People v Blake*, 35 NY2d 331, 334; *see also, People v Delgado*, 225 AD2d 478, *lv denied* 88 NY2d 983). The *Dunaway* issue is a significant one since the

only evidence directly linking defendant to the crime was the in-court identification by complainant (*People v Powell*, 105 AD2d 712, 713, *affd* 67 NY2d 661; *People v McGill*, 47 AD2d 961, 962; *see also, People v Dodt*, 61 NY2d 408, 417).

In view of the foregoing, the parties' remaining contentions need not be addressed at this time. Concur—Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.