■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO PERRILLA, Appellant. [669 NYS2d 214] —Judgment, Supreme Court, Bronx County (William Wallace, III, J., on motion; Steven Barrett, J., at suppression hearing, trial and sentence), rendered December 15, 1994, convicting defendant, after a jury trial, of two counts of robbery in the first degree and one count of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.

We previously ordered (240 AD2d 313) that this matter be held in abeyance pending a determination, upon remand to the trial court, as to whether probable cause existed for defendant's arrest. That court properly determined that probable cause existed. We also hold that despite the defective CPL 710.30 (1) notices defendant was not entitled to preclusion and was not deprived of his right to a fair trial.

We find that the hearing court did not err in denying

defendant's motion to preclude statement and identification evidence since defendant moved to suppress, thereby waiving the preclusion issue, and the court granted him a *Wade/Huntley* hearing and denied suppression, thus rendering the evidence admissible (CPL 710.30 [3]; *People v Merrill*, 87 NY2d 948; *see also, People v Kirkland*, 89 NY2d 903).

Since defendant never sought a continuance or similar relief, he failed to preserve his present claim that the defects in the notices caused him undue surprise and affected his strategy. Review in the interest of justice is unwarranted. Since it is uncontroverted that the statement was made to defendant's mother, not to a police officer, there was no entitlement to statement notice or a *Huntley* hearing (*see*, CPL 710.30 [1] [a]; *People v Eldridge*, 213 AD2d 667, *lv denied* 86 NY2d 781; *People v King*, 155 AD2d 480, *lv denied* 75 NY2d 869). The failure to state in the identification notice the site of the lineup and the correct officer who conducted the lineup was of little consequence since the notice need only provide defendant with sufficient information so that he might move to suppress a police-arranged identification, as he did here (*People v McRae*, 195 AD2d 180, 184-185, *lv denied* 83 NY2d 969). The notice was sufficient, having correctly specified the date, time and nature of the identification procedure (*see*, *People v Canute*, 190 AD2d 745, *lv denied* 81 NY2d 968; *People v Ocasio*, 183 AD2d 921, *lv dismissed* 80 NY2d 932). Concur—Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.