■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GORDON, Appellant. [709 NYS2d 503] —Judgment,

Supreme Court, New York County (Joan Sudolnik, J.), rendered May 13, 1994, convicting defendant, after a jury trial, of two counts of official misconduct and three counts of obstructing civil service rights, and sentencing him to five concurrent terms of 6 months and a $1,000 fine, and order, same court and Justice, entered on or about February 10, 1998, which granted the People's motion for reargument and, upon reargument, vacated its prior order granting defendant's motion to vacate his judgment of conviction pursuant to CPL 440.10 and reinstated the conviction, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The verdict is not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility.

Although a defendant has the right to counsel of his choice, that right is not absolute (*Wheat v United States*, 486 US 153). The court properly exercised its discretion in disqualifying defendant's original counsel well before trial. This attorney had previously represented a witness who was scheduled to, and ultimately did, testify against defendant at trial, and whom the attorney had accompanied at an unrecorded interview with the prosecutor. The court properly concluded that continued representation of defendant by this attorney would create an actual conflict of interest as well as a likelihood of violating the "advocate-witness" and "unsworn witness" rules (*see, People v Paperno*, 54 NY2d 294), and that waiver of conflict-free representation would not cure these defects (*Wheat v United States, supra; United States v Locascio*, 6 F3d 924, 931-935, *cert denied* 511 US 1070).

The court's rulings on evidentiary issues were proper exercises of discretion.

The court's disposition of defendant's CPL 440.10 motion was proper. The court properly applied *People v Machado* (90 NY2d 187) and its finding that defendant was not prejudiced by the *Rosario* violation is supported by the record. The issue of lack of prejudice was preserved by the People and ruled upon by the court (*see,* CPL 470.05 [2]; *compare, People v Chavis*, 91 NY2d 500, 506). However, defendant's challenge to the timeliness of the People's reargument motion is unpreserved and we decline to review it in the interest of justice.

We perceive no abuse of sentencing discretion. Concur—Williams, J. P., Wallach, Lerner, Andrias and Saxe, JJ.