◼ The People of the State of New York, Respondent, v David Pannell, Appellant. [731 NYS2d 750] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered June 6, 2000, convicting him of robbery in the first degree, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly permitted the People to amend their CPL 710.30 notice to correct an error regarding the name of one of the witnesses who identified the defendant at a showup. The primary purpose of a CPL 710.30 notice is to alert the defendant "to the possibility that evidence identifying him as the person who committed the crime may be constitutionally tainted and subject to a motion to suppress" (*People v Collins,* 60 NY2d 214, 219). Here, the People gave the defense timely notice that the defendant had been identified at a showup by two witnesses, which enabled the defendant to move to suppress the prospective identification testimony. Moreover, the defendant was granted a *Wade* hearing (*see, United States v Wade,* 388 US 218) which explored the issue of whether the showup identifications were impermissibly suggestive. Under these cir-

cumstances, the notice given to the defense satisfied the intent of the statute (*see, People v Perrilla,* 247 AD2d 326; *People v Canute,* 190 AD2d 745; *People v Ocasio,* 183 AD2d 921).

We reject the defendant's contention that reversal is required because the trial court failed to meaningfully respond to jury notes which contained references to the crime of robbery in the first degree. In determining whether the trial court meaningfully responded to the notes, we must consider "the form of the jury's question, which may have to be clarified before it can be answered, the particular issue of which inquiry is made, the supplemental instruction actually given and the prejudice or absence of prejudice to the defendant" (*People v Malloy,* 55 NY2d 296, 302).

Considering these factors, we find that the trial court did not err in failing to give the jury further instruction on the crime of robbery in the first degree. The jury's first note primarily asked the court to define the crime of criminal possession of stolen property and did not clearly seek additional instruction on the elements of first degree robbery. After the court gave the jury a supplemental instruction on criminal possession of stolen property, the jury sent the court a second inquiry referring to the crime of robbery. When a juror indicated that the court's response to its second note was not what the jury was seeking, the court asked the jury to return to the jury room to clarify its question. However, the jury subsequently reached its verdict without requesting additional instruction. In view of the fact that the jury expressed its questions regarding the crime of robbery in a manner which required further clarification, and the court's expressed willingness to respond to additional inquiry, it cannot be said that the court failed to meaningfully respond to the jury's notes, or that the defendant was prejudiced (*see, People v Malloy, supra*; *People v Chase,* 225 AD2d 789; *People v Ross,* 205 AD2d 646). In any event, even if the court's response to the jury notes could be considered less than meaningful, any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230; *People v Saltares,* 184 AD2d 740; *People v Ellis,* 183 AD2d 534). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.