■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY SAWYER, Appellant. [733 NYS2d 28] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered April 13, 1999, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

A threat made by defendant's accomplice to one of the victims was not intended to communicate any assertions of fact and was incapable, by its terms, of being true or false. Therefore, it could not constitute hearsay (*see, People v Salko*, 47 NY2d 230, 239). The record establishes that the People offered evidence of this threat under multiple theories of admissibility (*compare, People v Nieves*, 67 NY2d 125, 135-136), which included several legitimate non-hearsay purposes, such as the threat's relevance to defendant's accessorial liability and to the drug-related motive for the shootings. Accordingly, the threat was properly admitted (*see, Tennessee v Street*, 471 US 409). In any event, were we to find any error in the admission of this evidence, we would find that the error could not have affected the verdict. The evidence of the accomplice's threat was cumulative to evidence that defendant had personally made a similar threat and to additional eyewitness evidence of defendant's participation in the crime.

Defendant's presence was not required at a conference during trial between the court, counsel and a sworn juror, at which the juror expressed an inability to be fair and was discharged (*People v Mullen*, 44 NY2d 1, 6). We note that before jury selection, defendant had waived his right to be present at sidebar conferences about their potential bias or prejudice and the record indicates defendant's awareness of this conference.

Defendant's challenge to the court's reasonable doubt charge is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge, considered as a whole, conveyed the proper principles. Concur—Sullivan, P. J., Mazzarelli, Wallach, Rubin and Friedman, JJ.