■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY SIGUE, Appellant. [752 NYS2d 71] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Starkey, J.), rendered June 20, 2001, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that the Supreme Court erred in denying that branch of his omnibus motion which was to preclude testimony concerning a showup identification after the People failed to provide timely notice of their intent to offer the same pursuant to CPL 710.30. We affirm.

"The primary purpose of a CPL 710.30 notice is to alert the defendant 'to the possibility that evidence identifying him as the person who committed the crime may be constitutionally tainted and subject to a motion to suppress'" (*People v Pannell,* 287 AD2d 659, *lv denied* 97 NY2d 707, quoting *People v Collins,* 60 NY2d 214, 219). Here, not only was the defendant afforded open file discovery, but he also received a full hearing and a determination on the admissibility of testimony concerning the showup identification before trial. Thus, any alleged deficiency in the CPL 710.30 notice provided by the People is irrelevant (*see People v Kirkland,* 89 NY2d 903; *People v Berry,* 242 AD2d 540). We note that the defendant does not argue that he was misled into believing that his participation in the suppression hearing would not affect the reviewability of his motion to preclude. The Supreme Court properly found that the showup identification procedure was not impermissibly suggestive (*see United States v Wade,* 388 US 218; *People v Pannell, supra; People v Bunker,* 259 AD2d 757).

The defendant's remaining contentions are without merit or do not warrant reversal. Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.