■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG WILLIAMS, Also Known as GRAIG WILLIAMS, Appellant. [759 NYS2d 883] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (F. Rivera, J.), rendered January 29, 2001, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the defendant's participation in the suppression hearing does not affect the reviewability of the denial of his motion to preclude evidence pursuant to CPL 710.30 (*see People v Mezon,* 80 NY2d 155, 160-161 [1992]; *People v Bernier,* 141 AD2d 750, 753 [1988], *affd* 73 NY2d 1006 [1989]; *cf. People v Sigue,* 300 AD2d 414, 415 [2002], *lv denied* 99 NY2d 619 [2003]). CPL 710.30 is a notice statute intended to facilitate a defendant's opportunity to challenge before trial the voluntariness of his statements (*see People v Rodney,* 85 NY2d 289, 291-292 [1995]; *People v O'Doherty,* 70 NY2d 479, 484 [1987]; *People v Greer,* 42 NY2d 170, 179 [1977]; *People v Huntley,* 15 NY2d 72 [1965]), and the reliability of identification testimony (*see People v Laing,* 79 NY2d 166, 170 [1992]; *People v White,* 73 NY2d 468, 474 [1989], *cert denied* 493 US 859 [1989]; *People v Collins,* 60 NY2d 214, 219 [1983]; *People v Sigue, supra*; *People v Pannell,* 287 AD2d 659 [2001]; *cf. People v Gissendanner,* 48 NY2d 543, 552 [1979]). Thus, the statute requires that whenever the People intend to offer evidence of a defendant's statements to a public officer, or testimony of an observation of the defendant at the time of the crime or on other relevant occasion, they must serve notice of such intention on the defendant within 15 days after arraignment and before trial (*see* CPL 710.30 [1]; *People v Lopez,* 84 NY2d 425, 428 [1994]). Despite the minor defects in the notices the People furnished in this case, these notices fulfilled the purpose of the statute by informing the defendant

of the statements intended to be offered at the trial, and the evidence of the previous identification of the defendant as the perpetrator of the crime.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.