THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO JONES, Also Known as ANTONIO STEELE, Appellant. [768 NYS2d 881]—

Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered May 31, 1996, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [2]), defendant contends that the verdict is against the weight of the evidence. We disagree. Defendant admitted killing the victim to not less than four people, and at least three people observed him with a knife shortly after the murder. Further, one of the accomplices testified that defendant was involved in the criminal acts and that the accomplices left defendant alone with the victim, who had not been harmed at the time the accomplices left. The fact that one of the victim's sons was confused or mistaken about the perpetrator's identity does not render the verdict against the weight of the evidence. There is no support in the record for defendant's contention that the jury failed to give the evidence the appropriate weight (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]).

Contrary to the further contention of defendant, Supreme Court did not deprive him of his right to counsel when it assigned him new counsel pursuant to a motion by the People to disqualify an attorney who was present at an earlier appearance before the court. Although it is questionable whether defendant had actually retained that attorney, we nevertheless address the merits of defendant's contention. The attorney admitted that he had a conflict of interest because he also represented a person against whom defendant had given a statement in an unrelated homicide. "Although a defendant has the right to counsel of his choice, that right is not absolute" (*People v Gordon,* 272 AD2d 133, 134 [2000], *lv denied* 95 NY2d 890 [2000]; *see Matter of Abrams,* 62 NY2d 183, 196 [1984]; *see generally Wheat v United States,* 486 US 153 [1988]), and here the attorney could not represent both defendant and another criminal defendant against whom defendant was a potential prosecution witness (*see* People

v Green, 145 AD2d 929, 930 [1988]; *see generally People v Harris*, 99 NY2d 202, 210 [2002]).

With respect to the contentions of defendant that the conviction is not supported by legally sufficient evidence, that the court erred in allowing witnesses to identify defendant and that the court erred in denying his CPL article 330 motion, defendant has failed to develop those contentions adequately in his brief and we therefore deem them abandoned (*see People v Jansen*, 145 AD2d 870, 871 [1988], *lv denied* 73 NY2d 923 [1989]; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Defendant failed to object to comments of the prosecutor and court made at sentencing and thus failed to preserve for our review his contentions that those comments were improper (*see* 470.05 [2]; *People v Rusho*, 291 AD2d 855, 856 [2002], *lv denied* 98 NY2d 680 [2002]; *People v Snyder*, 249 AD2d 643 [1998]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The consecutive sentences imposed by the court are neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.