DONNA M. WATKINS et al., Appellants, v JOHN LABIAK et al., Defendants, and RICHARD MOORE, Respondent. [774 NYS2d 340]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Burke, J.), entered September 27, 2002, which, upon a jury verdict in favor of the defendant Richard Moore and against them, and upon the denial of their motion to set aside the verdict pursuant to, inter alia, CPLR 4404 (a), dismissed the complaint insofar as asserted against Moore.

Ordered that the judgment is reversed, on the law, the motion is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial, with costs to abide the event.

The plaintiffs commenced this action against, among others, the respondent Dr. Richard Moore, an anesthesiologist. The plaintiffs alleged, inter alia, that the injury suffered by the decedent John Watkins was caused by his being improperly positioned on the operating table during surgery. The matter proceeded to trial as to the liability of the respondent. The jury found in favor of the respondent. The plaintiffs moved to set aside the verdict on the grounds, inter alia, that the cross-examination of their expert witness was improper.

"It is well settled that on cross-examination an expert witness may be confronted with a passage from a treatise or book which contradicts the opinion the expert witness previously

expressed on the stand, only after the expert witness has accepted the treatise or book as authoritative" (*Labate v Plotkin,* 195 AD2d 444, 445 [1993]; *Mark v Colgate Univ.,* 53 AD2d 884, 886 [1976]).

On cross-examination, the plaintiffs' expert accepted the authoritativeness of a book edited by Dr. John Martin and acknowledged that he consulted a particular chapter in the book authored by Dr. Martin in formulating his opinion. The respondent cross-examined the plaintiffs' expert with passages which the attorney erroneously indicated were taken from the same book and chapter authored by Dr. Martin. In response to the plaintiffs' motion to set aside the verdict, the respondent conceded that the passages used in cross-examination were not authored by Dr. Martin but argued, in effect, that the plaintiffs were not prejudiced.

We agree with the plaintiffs that the respondent improperly used hearsay statements which the expert did not accept as authoritative (*see Labate v Plotkin, supra*). Under the circumstances of this case, the improper cross-examination was unduly prejudicial. The testimony involved the key issue of causation, and it unfairly suggested to the jury that the expert's opinion was contrary to that of the author of a book he considered authoritative, and, on summation, the expert's credibility was attacked on that basis. Accordingly, the plaintiffs' motion to set aside the verdict pursuant to, inter alia, CPLR 4404 (a) should have been granted, the complaint reinstated, and the matter remitted to the Supreme Court, Suffolk County, for a new trial. S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.