■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RABADY, Appellant. [812 NYS2d 884]—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered December 16, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the police detectives who testified for the prosecution should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

A number of the remarks alleged by the defendant to have constituted prosecutorial misconduct were fair comment on the evidence presented, legitimate inferences to be drawn therefrom, or responsive to the defense's summation (*see People v Jiggetts*, 23 AD3d 582 [2005], *lv denied* 6 NY3d 814 [2006]; *People v Meyers*, 13 AD3d 395 [2004]; *People v Nieves*, 2 AD3d 539, 540 [2003]; *People v Hinckson*, 266 AD2d 404, 405 [1999]). Any prejudice that may have resulted from the challenged remarks was alleviated by the trial court's actions in sustaining the defendant's objections, striking testimony from the record, and providing curative instructions to the jury (*see People v Oliver*, 19 AD3d 512, 513 [2005]; *People v Williams*, 14 AD3d 519 [2005]; *People v Kirk*, 12 AD3d 619 [2004]). To the extent that any allegedly inappropriate remark remained unaddressed, it does not require reversal (*see People v Crimmins*, 36 NY2d 230

[1975]; *People v Jones*, 23 AD3d 496 [2005]; *People v Vallee*, 21 AD3d 502, 503 [2005], *lv denied* 5 NY3d 885 [2005]).

Contrary to the defendant's contention, the County Court did not err in refusing to instruct the jury on attenuation (*see People v Smith*, 209 AD2d 1005 [1994]; *People v Soto*, 147 Misc 2d 572, 575-576 [1990]; *People v Medina*, 138 Misc 2d 653, 661 [1988]; *see also People v Medina*, 146 AD2d 344, 350-351 [1989]). Additionally, insofar as the court's charge specifically instructed the jury on the voluntariness of the defendant's admission, and generally instructed the jury as to the standards by which it must evaluate the truthfulness of all witnesses and evidence, the charge as a whole adequately conveyed the legal standards the jury was to apply in its evaluation of the defendant's statements (*see People v Johnson*, 303 AD2d 903, 907 [2003]; *People v Bowen*, 134 AD2d 356, 357 [1987]).

The County Court provided a meaningful response to a note from the jury (*see* CPL 310.30; *People v Almodovar*, 62 NY2d 126, 131-132 [1984]; *People v Malloy*, 55 NY2d 296, 298 [1982], *cert denied* 459 US 847 [1982]; *People v Pannell*, 287 AD2d 659, 660 [2001]; *cf People v Lourido*, 70 NY2d 428, 435 [1987]).

The defendant's remaining contentions either are without merit or do not require reversal. Schmidt, J.P., Crane, Skelos and Lifson, JJ., concur.