■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAYOLA LONDON, Appellant. [830 NYS2d 783]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Weinberg, J.), rendered October 8, 2004, convicting her of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, she was provided with meaningful representation of counsel (*see People v Henry*, 95 NY2d 563 [2000]; *People v Benevento*, 91 NY2d 708 [1998]). The defense counsel, an experienced attorney, was vigorous in his representation of the defendant. He pursued both a justification defense and a battered woman's defense. The defense counsel's choice of expert, a tactical decision, did not constitute ineffective assistance. Furthermore, the County Court providently exercised its discretion in denying the defendant's application to adjourn the trial (*see People v Spears*, 64 NY2d 698 [1984]; *People v Coward*, 292 AD2d 630 [2002]).

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied, as she failed to make the requisite prima facie showing of discrimination. In order to establish a prima facie case of discrimination in the selection of jurors under *Batson*, a defendant asserting a claim must show that the exercise of peremptory challenges by the prosecution removes one or more members of a cognizable racial group from the venire and that facts and other relevant circumstances support a finding that the use of these peremptory challenges excludes potential jurors because of their race (*see People v Brown*, 97 NY2d 500, 507 [2002]). The mere fact that the prosecutor exercised 5 out of 12 peremptory challenges against Hispanic or African-American women was insufficient to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see People v Brown, supra* at 507; *People v Fryar*, 29 AD3d 919, 920 [2006]; *People v Stanley*, 292 AD2d 472, 473 [2002]; *People v Harrison*, 272 AD2d 554 [2000]; *People v Phillips*, 259 AD2d 565 [1999]). Since the defendant did not establish the requisite pattern of discrimination, the burden never shifted to the prosecutor to come forward with a race-neutral explanation for her peremptory challenges (*see People v Brown*, 97 NY2d 500, 507 [2002]). In several instances where the prosecutor did provide an explanation, although not required, the reasons proffered were race-neutral.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Dillon, Carni and Balkin, JJ., concur.