■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SEPULVEDA, Appellant. [837 NYS2d 220]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered June 22, 2004, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Molea, J.), of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

After the court denied his motions to preclude identification testimony for lack of timely notice pursuant to CPL 710.30 (3), the defendant proceeded with suppression hearings and received a full hearing on the fairness of the identification procedures. Thus, "any alleged deficiency in the notice provided by the People was irrelevant" (*People v Kirkland*, 89 NY2d 903, 905 [1996]; *see People v Sigue*, 300 AD2d 414, 415 [2002]).

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials as the statements were made after an intelligent, knowing, and voluntary waiver of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) and were not the product of coercion (*see People v Mateo*, 2 NY3d 383, 413-414 [2004]; *People v Hendricks*, 222 AD2d 74, 79 [1996]; *cf. People v Anderson*, 42 NY2d 35, 39 [1977]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Jennings*, 69 NY2d 103, 118 [1986]; *People v Yusufi*, 247 AD2d 648, 649 [1998]). Moreover, upon the

exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Mustafa*, 132 AD2d 628, 629 [1987]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.