■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ROSE, Appellant. [840 NYS2d 363]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered August 25, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's argument, the defendant's contention that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt is preserved for appellate review since his argument, upon moving to dismiss the indictment at the close of the People's case, was sufficiently specific to alert the court to the defendant's position (*see* CPL 470.05 [2]; *People v Jean-Baptiste*, 38 AD3d 418 [2007]). However, the defendant's contention is without merit.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), and giving the People the benefit of every reasonable inference which could be drawn from the circumstantial evidence adduced (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]; *People v Way*, 59 NY2d 361, 365 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of intentional murder beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

There is no merit to the defendant's contention that the County Court committed reversible error by permitting

testimony by a prosecution witness who had been a friend of the victim's, to the effect that the victim told him to look to the defendant if anything happened to her. "The mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind of the hearer or of the declarant" (*People v Stevens*, 174 AD2d 640, 640 [1991] [internal quotation marks omitted]). As the County Court correctly found, the statement at issue was probative of the victim's state of mind as it related to the state of her marriage and, thus, by extrapolation, to the defendant's motive for killing her. The prejudice to the defendant from the admission of the statement, although great, was outweighed by its probative value (*see People v Bierenbaum*, 301 AD2d 119, 145-146 [2002]), and was ameliorated by the trial court's limiting instruction. Accordingly, the County Court properly admitted the statement under the "state-of-mind" exception to the hearsay rule.

The defendant's contention that he was denied a fair trial by the County Court's refusal to allow him, upon cross-examination, to confront the medical examiner, an expert witness for the People, with statements from forensic science journal articles is without merit, even though, contrary to the People's contention, the issue is preserved for appellate review (*see* CPL 470.05 [2]; *People v Aguilera*, 156 AD2d 698, 700 [1989]; *cf. People v Goodson*, 57 NY2d 828, 830-831 [1982]; *People v Fernandez*, 280 AD2d 680 [2001]; *Walsh v Staten Is. Obstetrics & Gynecology Assoc.*, 193 AD2d 672, 673 [1993]). On cross-examination, an expert witness may be confronted with a passage from a treatise, book, or article which contradicts the opinion that the expert witness previously expressed on the stand if the expert witness has accepted the book, treatise, or article as authoritative (*see Watkins v Labiak*, 6 AD3d 426, 426-427 [2004]; *Walsh v Staten Is. Obstetrics & Gynecology Assoc.*, *supra*; *Labate v Plotkin*, 195 AD2d 444, 445 [1993]; *Mark v Colgate Univ.*, 53 AD2d 884, 886 [1976]; *see also Kirker v Nicolla*, 256 AD2d 865, 867 [1998]). Although the medical examiner accepted several of the journal articles as authoritative, the defendant failed to show that the content of the articles contradicted the medical examiner's direct testimony. Accordingly, the County Court did not improvidently exercise its discretion in precluding cross-examination of that witness through the use of the articles.

There is no merit to the defendant's contention that the People impermissibly exercised peremptory challenges during jury selection to exclude two jurors of color, since the defendant failed to make the requisite prima facie showing of discrimina-

tion (*see People v Brown*, 97 NY2d 500, 507 [2002]; *People v London*, 38 AD3d 570 [2007]; *People v Fryar*, 29 AD3d 919, 920 [2006]; *People v Harrison*, 272 AD2d 554, 554-555 [2000]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The contentions raised only in the appellant's supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.