◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v POCHLY JEAN-BAPTISTE, Appellant. [858 NYS2d 388]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered January 13, 2005, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he was not deprived of his right to counsel of his choice or of his right to be present at all material stages of his trial by the trial court's decision to disqualify defense counsel, which allegedly was made outside of his presence. A defendant's right to counsel of his choice is not absolute and may properly be circumscribed where, as here, defense counsel's continued representation of the defendant would present a clear conflict of interest (*see People v Jones*, 2 AD3d 1397 [2003]; *People v Gordon*, 272 AD2d 133, 134 [2000];

*People v King,* 248 AD2d 639, 640 [1998]; *People v Liuzzo,* 167 AD2d 963 [1990]; *see generally Wheat v United States,* 486 US 153, 159 [1988]). Furthermore, since defense counsel could not have continued to represent the defendant under the circumstances of this case, the defendant's presence during any proceeding regarding disqualification of defense counsel "could not have afforded [the defendant] any meaningful opportunity to affect the outcome" of the proceeding (*see People v Roman,* 88 NY2d 18, 26 [1996]). Thus, the defendant's presence was not required.

There is no merit to the defendant's contention that the trial court erred in permitting the prosecution to elicit hearsay testimony from several of their witnesses relating to the defendant's motive. This testimony was admissible under the "state-of-mind" exception to the hearsay rule (*see People v Casper,* 42 AD3d 887 [2007]; *People v Rose,* 41 AD3d 742 [2007]; *People v Carrasquillo,* 10 AD3d 424, 425 [2004]; *People v Sawyer,* 288 AD2d 73 [2001]). The defendant's contentions regarding other alleged trial errors are also without merit.

Further, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85-86 [1982]). Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.