Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 19, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). Contrary to defendant’s contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The testimony of the People’s witnesses was not “ ‘so unworthy of belief as to be incredible as a matter of law’ . . . and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded” (People v Woods, 26 AD3d 818, 819 [2006], lv denied 7 NY3d 765 [2006]; see generally Bleakley, 69 NY2d at 495). Contrary to the further contention of defendant, County Court did not err in relieving his first and second attorneys from their representation of him. The court relieved defendant’s first attorney of his representation of defendant after learning that the attorney was representing another defendant who had given a statement implicating defendant in this case. Under the circumstances, the “continued representation of defendant by [the first] attorney would create an actual conflict of interest as well as a likelihood of violating the ‘advocate-witness’ and ‘unsworn witness’ rules . . . , and that waiver of conflict-free representation would not cure these *1176 defects” (People v Gordon, 272 AD2d 133, 134 [2000], lv denied 95 NY2d 890 [2000]; see People v Jones, 2 AD3d 1397, 1398-1399 [2003], lv denied 2 NY3d 742 [2004]; People v Blaylock, 266 AD2d 400 [1999], lv denied 94 NY2d 877 [2000]). With respect to the second attorney, the record establishes that defendant asked the court to discharge that attorney, and thus defendant will not be heard to contend that the court erred in doing so.
Finally, defendant failed to move to disqualify certain sworn jurors as grossly unqualified to serve and failed to object to the court’s inquiry of those jurors. Defendant thus failed to preserve for our review his contention that the court should have discharged those jurors (see People v Clark, 28 AD3d 1190 [2006]; People v Haberer, 24 AD3d 1283, 1284 [2005], lv denied 7 NY3d 756, 848 [2006]; People v Wright, 16 AD3d 1113 [2005], lv denied 4 NY3d 857 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Present—Martoche, J.E, Smith, Centra, Peradotto and Pine, JJ.