THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR J. SEGURA, Appellant. [878 NYS2d 841]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 14, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), defendant contends that he was denied his right to an attorney of his own choosing when County Court removed his attorney based on a conflict of interest. According to defendant, the court failed to conduct a sufficient inquiry before determining that he could not be represented by an attorney who also represented another individual in connection with a separate, but related, indictment. We reject that contention. The inquiry conducted by the court established that the other individual was charged with conspiracy and that one of the overt acts alleged in that indictment was the sale by this defendant of a controlled substance to an undercover officer. We agree with the court that "the attorney could not represent both defendant and another criminal defendant against whom defendant was a potential prosecution witness" (*People v Jones*, 2 AD3d 1397, 1398 [2003], *lv denied* 2 NY3d 742 [2004]). We therefore conclude that the court conducted a sufficient inquiry and properly determined that " 'continued representation of defendant by [the] attorney would create an actual conflict of interest' " (*People v Rufus*, 56 AD3d 1175, 1175 [2008], *lv denied* 11 NY3d 930 [2009]). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.