■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUIRY ALCANTARA, Appellant. [910 NYS2d 509]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Holdman, J.), rendered March 20, 2008, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

"The primary purpose of a CPL 710.30 notice is to alert the defendant to the possibility that evidence identifying him [or her] as the person who committed the crime may be constitutionally tainted and subject to a motion to suppress" (*People v Sigue*, 300 AD2d 414, 415 [2002] [internal quotation marks omitted]; *see People v Collins*, 60 NY2d 214, 219 [1983]; *People v Pannell*, 287 AD2d 659 [2001]). Here, the defendant received a pretrial hearing which included an exploration of the eyewitness's photo array identification. Thus, any insufficiency in the CPL 710.30 notice in connection with the photo array identification did not require preclusion (*see People v Kirkland*, 89 NY2d 903 [1996]; *People v Sepulveda*, 40 AD3d 1014 [2007]; *People v Sigue*, 300 AD2d at 415; *People v Berry*, 242 AD2d 540 [1997]). In any event, any deficiency in the CPL 710.30 notice was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Contrary to the defendant's contentions, it was proper to permit the prosecutor to elicit testimony from an eyewitness that she had lied during her first grand jury testimony (*see People v Minsky*, 227 NY 94, 98 [1919]). It was necessary for the prosecutor to elicit this information from the witness to mitigate the more damaging effect it would have had if elicited on cross-examination by defense counsel, and to give the witness an opportunity to explain why she had previously lied (*see People v Guy*, 223 AD2d 723 [1996]). Moreover, it was proper to permit the prosecutor to elicit from that witness the fact that she had been threatened just five days before her first grand jury testimony, and that she was afraid. Such testimony was relevant to the witness's state of mind, and explained why she had lied on that occasion (*see People v Jean-Baptiste*, 51 AD3d 1037, 1038 [2008]; *People v Rose*, 41 AD3d 742, 742-743 [2007]; *People v Sawyer*, 288 AD2d 73 [2001]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.