■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. DIXON, Also Known as ROBERT DIXON, Appellant. [40 NYS3d 184]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered July 6, 2015, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the jurors' rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

Contrary to the People's contention, the defendant sufficiently preserved for appellate review his challenge to the admission into evidence of certain text messages between his codefendants (*see* CPL 470.05 [2]). However, the Supreme Court did not improvidently exercise its discretion in admitting the text messages (*see People v Harris*, 26 NY3d 1, 5 [2015]; *People v Alcantara*, 78 AD3d 721, 722 [2010]).

The defendant's contention that certain comments made by the prosecution during summation were improper is unpreserved for appellate review and, in any event, without merit (*see People v Woods*, 59 AD3d 468, 469 [2009]). Further, there is no merit to the defendant's remaining contention that the cumulative effect of the admission of the text messages into evidence combined with the prosecution's comments deprived

him of a fair trial. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.