■ In the Matter of DEAVAN W., a Person Alleged to be a Juvenile Delinquent, Appellant. [43 NYS3d 329]—

Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about August 10, 2015, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of attempted robbery in the second degree and assault in the second degree, and placed him on probation for a period of 18 months, unanimously reversed, on the law, without costs, appellant's motion to preclude identification testimony granted, and the petition dismissed.

In a voluntary disclosure form, the presentment agency informed appellant that the complainant identified him inside a restaurant. Consistent with this notice, the arresting detective testified at the suppression hearing that he saw appellant and two companions, whom he had been following, enter the restaurant, that the complainant arrived at the scene, and that despite the officer's instruction for the complainant to wait outside, the complainant entered the restaurant shortly after the detective did and there identified appellant. Based on this testimony, the court denied suppression, finding that the identification was a "spontaneous or un-arranged identification." However, when the complainant ultimately testified at the fact-finding hearing, he testified that he never entered the restaurant, but rather that he identified appellant after the detective brought the three boys out of the restaurant and lined them up against a wall.

Although an inconsequential defect in a notice may be excused (*see e.g. People v Perrilla*, 247 AD2d 326 [1st Dept 1998], *lv denied* 91 NY2d 1011 [1998] [involving analogous CPL provision]), here the discrepancy between the two accounts of the identification was not inconsequential, but rather

reflected that the VDF provided inadequate notice of the evidence the presentment agency intended to present at the fact-finding hearing (*see Matter of Courtney C.*, 114 AD3d 938 [2d Dept 2014]). Accordingly, the court should have granted appellant's Family Ct Act § 330.2 (2) motion to preclude identification evidence, which was made after the complainant testified regarding the identification procedure outside the restaurant. Our conclusion is not altered by the fact that the presentment agency orally disclosed to appellant's counsel on the day of the suppression hearing that the arresting detective's partner "recalled the identification occurring outside of the restaurant." Not only was the disclosure untimely under Family Ct Act § 330.2 (2), in light of the suppression hearing testimony it did not change what the presentment agency was representing regarding the "evidence intended to be offered" at the fact-finding hearing (CPL 710.30 [1]). Further, because the suppression hearing did not address the factual scenario that emerged at the fact-finding hearing, the mere fact that the court conducted a hearing and rendered a decision did not render appellant's preclusion motion "irrevelant" (*People v Kirkland*, 89 NY2d 903, 905 [1996]).

This error rendered inadmissible the only identification evidence presented at the fact-finding hearing. Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.