People v JeanCharles (2019 NY Slip Op 04724)





People v JeanCharles


2019 NY Slip Op 04724


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-10679
 (Ind. No. 1675/16)

[*1]The People of the State of New York, respondent,
v
Frantz JeanCharles, appellant.


Law Office of Stephen N. Preziosi, P.C., New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green, Lauren Tan, Thomas C. Costello, and Nicole Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered August 9, 2017, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Barbara Kahn, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the County Court's determination to deny that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The record reflects that the defendant's statements were voluntarily made after he knowingly, intelligently, and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436; People v Ramos, 164 AD3d 1267, 1267; People v Currie, 131 AD3d 1265, 1266; People v Sepulveda, 40 AD3d 1014).
The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during his summation is without merit. The prosecutor's comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, or fair response to the arguments made by defense counsel in summation (see People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d 105, 109-110; People v King, 144 AD3d 1176, 1176-1177).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court