■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BROWN, Appellant. [627 NYS2d 45] —Judgment, Supreme Court, New York County (Joan Carey, J., at *Mapp/Wade* hearing; Felice Shea, J., at trial and sentence), rendered March 23, 1993, convicting defendant, after a jury trial, of two counts of robbery in the second degree and one count of possession of a knife, and sentencing him, as a persistent violent felony offender, to two concurrent terms of imprisonment of twelve years to life on the robbery counts and a concurrent term of fifteen days imprisonment on the knife possession count, unanimously reversed, on the law, the motion to suppress physical evidence is granted and the matter is remanded for further proceedings.

Within three minutes of the commission of a robbery on 95th Street, between Amsterdam and Columbus Avenues, in Manhattan, and after receiving a radio report that the robbery was committed by two male blacks, police officers observed two black men, defendant and another, fewer than three blocks from that location. Proceeding southbound on Central Park West, the officers cut across the northbound traffic, drove their car "at a diagonal" and stopped in front of the men. After the men were directed to stop, turn around and put their hands against the wall, one of the officers patted them down and removed a folding knife from defendant and an imitation pistol from his companion.

The information relied on by the officers, even when coupled with the police officer's observations that the men appeared to be nervous and were "looking back over their shoulder and * * * were glancing around," is an insufficient predicate for the police action. *(See, People v Choy,* 173 AD2d 883.) There was no description of the perpetrators other than that they were black. Nor does their presence approximately three blocks from the incident or their apparent nervousness serve as a basis for a reasonable suspicion that they had committed a crime. Accordingly, the motion to suppress physical evidence should have been granted.

Admission of the subsequent line-up identification of defendant, however, was proper. Less than ten minutes after the men were placed in custody, the officers received a further description that one of the assailants was wearing a red sweater and was armed with a black gun. Since defendant's companion, from whom the imitation pistol was recovered, was wearing a red sweater and was armed with an imitation pistol, this additional information provided the requisite prob-

able cause for defendant's arrest and breaks any causal connection between the illegal arrest and the otherwise inadmissible identification. *(See, People v Johnson,* 102 AD2d 616, 627.) Therefore, the identification "was neither an exploitation nor a product of the initial illegal detention, and was sufficiently attenuated from the initial detention as to make its suppression unnecessary". *(Supra,* at 627; *see, People v Rogers,* 52 NY2d 527, 533, *cert denied* 454 US 898; *see also, People v Hunt,* 155 AD2d 957, *lv denied* 75 NY2d 814, *People v Parris,* 136 AD2d 882, *lv dismissed* 71 NY2d 1031.) Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Williams, JJ.