■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHAN LI, Appellant. [854 NYS2d 703]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered March 30, 2006, convicting defendant, after a nonjury trial, of attempted assault in the first degree, attempted gang assault in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v*

*Prochilo*, 41 NY2d 759, 761 [1977]). In the early morning hours, the police received two radio calls reporting an assault and/or robbery at a specified location involving a large group of Asian men. Minutes later, less than two blocks from the reported crime scene, the police saw defendant and two other Asian men moving quickly. The direction of travel and location of these men corresponded to information in one of the radio messages, and there was no one else present there, or on any nearby streets. The extreme spatial and temporal proximity and absence of other persons created a strong inference that defendant and his companions had some connection to the reported incident. The police lawfully asked the men to stop, and before they interfered with defendant or engaged in any conduct constituting a seizure, they noticed that defendant, who was behaving nervously, had a scratch on his nose and what appeared to be blood on his pants and sneakers. The apparently bloody clothing was indicative of violence and was consistent with the type of criminality reported in the radio calls. This factor distinguishes this case from our prior holding in *People v Brown* (215 AD2d 333 [1995]). Based on the totality of these factors, the officers had a reasonable suspicion of criminality that justified a frisk (*see People v Watts*, 43 AD3d 256 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Schollin*, 255 AD2d 465 [1998], *lv denied* 93 NY2d 878 [1999]), which revealed brass knuckles. Therefore, defendant's arrest was lawful and none of the subsequent fruits of that arrest were subject to suppression on Fourth Amendment grounds.

The court also properly declined to suppress the statements defendant made after he received *Miranda* warnings. While defendant may have been previously questioned by a different officer who did not administer the warnings, there was no evidence of a continuous line of police questioning, or that defendant made any incriminating statements prior to receiving his warnings (*see People v Paulman*, 5 NY3d 122, 130 [2005]; *see also People v Prater*, 258 AD2d 600 [1999], *lv denied* 93 NY2d 1005 [1999]). Concur—Gonzalez, J.P., Williams, Catterson and Moskowitz, JJ.