THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. PARKER, Appellant. [856 NYS2d 779]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 13, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]), defendant contends that Supreme Court erred in refusing to suppress the third of three statements that he made to the police. We reject that contention. The record establishes that, shortly after defendant was taken into police custody, he was questioned by a police officer and made admissions in response to those questions. Before he was transported to the police station, he reiterated those admissions to another officer. No *Miranda* warnings preceded those statements and, in the ensuing hour, defendant was transported to the police station. *Miranda* warnings were then administered, after which defendant gave the third statement that he seeks to suppress. Upon a review of the factors set forth in *People v Paulman* (5 NY3d 122, 130-131 [2005]), including the time between the *Miranda* violation and the third statement, the change in location, the fact that "defendant exhibited a willingness to provide an explanation of his conduct and [the fact that], once at the police [station], he never expressed any reluctance to discuss the allegations" (*id.* at 131; *see People v White*, 10 NY3d 286 [2008]), we conclude that there was "such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*People v Chapple*, 38 NY2d 112, 115 [1975]).

We have considered defendant's remaining contention and

conclude that it is without merit. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.