■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. NEAL, Appellant. [874 NYS2d 616]—

Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered January 14, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In this appeal, defendant argues that County Court erred in finding that the second of two incriminating statements that he gave need not be suppressed since such statement was sufficiently attenuated from the earlier (suppressed) statement. Defendant's parole officer received a tip regarding defendant's alleged involvement in transporting drugs and he relayed the information to police. As a result, police eventually stopped a vehicle whose occupants included defendant, his wife, his wife's sister and another individual. His wife's sister was discovered to possess cocaine and she insisted that it belonged to defendant. Although defendant initially denied ownership to his parole officer when the parole officer arrived at the scene at about 2:15 P.M., defendant asked to speak with him again about 15 minutes later and, indicating that he was looking for "some leniency," admitted that the cocaine was his. Defendant was transported to the police station where, shortly after 3:30 P.M., he received *Miranda* warnings and then gave an incriminating written statement to a police officer.

Defendant was indicted for criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. He moved to suppress both his oral statement to his parole officer and the subsequent written statement he gave to police. County Court suppressed the oral statement since it was given before any *Miranda* warnings had been administered. However, the court denied the mo-

tion as to the written statement, finding a sufficient attenuation to remove any taint created by the first statement. Defendant subsequently pleaded guilty to one count of criminal possession of a controlled substance in the third degree. He was sentenced, as a second felony offender, to a term of incarceration and postrelease supervision. He now appeals.

We affirm. "[W]here an improper, unwarned statement gives rise to a subsequent Mirandized statement as part of a 'single continuous chain of events,' there is inadequate assurance that the *Miranda* warnings were effective in protecting a defendant's rights, and the warned statement must also be suppressed" (*People v Paulman*, 5 NY3d 122, 130 [2005], quoting *People v Chapple*, 38 NY2d 112, 114 [1975]; *see People v Hall*, 41 AD3d 880, 882-883 [2007], *lv denied* 9 NY3d 876 [2007]; *People v Durrin*, 32 AD3d 665, 667-668 [2006]). A host of factors are relevant in determining whether there has been a sufficient attenuation between the illegal questioning and subsequent warned statement, "including the time differential between the *Miranda* violation and the subsequent admission; whether the same police personnel were present and involved in eliciting each statement; whether there was a change in the location or nature of the interrogation; the circumstances surrounding the *Miranda* violation, such as the extent of the improper questioning; and whether, prior to the *Miranda* violation, defendant had indicated a willingness to speak to police" (*People v Paulman*, 5 NY3d at 130-131; *see People v White*, 10 NY3d 286, 291 [2008], *cert denied* 555 US —, 129 S Ct 221 [2008]).

Defendant's initial oral statement was made to his parole officer. Parenthetically, we note that the parole officer did not need to administer *Miranda* warnings for the statement to be admissible in a parole revocation hearing, but *Miranda* warnings were required to use it in a criminal proceeding (*see People ex rel. Maiello v New York State Bd. of Parole*, 65 NY2d 145, 146-147 [1985]). The statement to the parole officer was brief and not the result of anything beyond cursory questioning. Well over an hour passed before the relevant second statement by defendant. During that time, defendant was transported from the scene of the stop to a police station. The second statement was given to a different individual who was working in a different law enforcement agency. Before the *Miranda* warnings had been given, defendant expressed a willingness to speak to his parole officer at the scene in an effort to gain leniency and, when later transported to the police station and Mirandized, he willingly spoke to police and gave a written statement. The police officer who took the statement characterized defendant as

cooperative. Under the circumstances of this case, there was "such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*People v Chapple*, 38 NY2d at 115; *see People v Parker*, 50 AD3d 1607, 1607 [2008], *lv denied* 11 NY3d 792 [2008]). Accordingly, County Court properly denied defendant's motion to suppress as to the written statement he gave at the police station.

Peters, J.P., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.