■ The People of the State of New York, Respondent, v Randolph Washington, Appellant. [917 NYS2d 583]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered July 9, 2009, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal possession of a weapon in the third degree arising from an incident which occurred just after midnight on September 10, 2006, in the vicinity of the Redfern Housing Project on Hassock Street in Far Rockaway. Two police officers observed the defendant and three other males standing in the street near a taxi cab. The arresting officer testified at the suppression hearing that the police officers observed the defendant "holding a black plastic bag in an unusual manner as if he was holding a firearm in his hands." Describing the manner in which the defendant was holding the bag, the arresting officer stated: "Most people hold the bag, they hold it from the straps or the top of the bag. [The defendant] was holding it like this [indicating by holding a plastic bag with his right index finder and thumb extended up]. Like he was holding a firearm . . . As if the butt of the gun was in his palm and finger was on the outline." After the four men got into the taxicab, the police officers pulled the taxicab over and observed the defendant throwing the plastic bag from the back seat, where he was sitting, to the front seat. The police officers removed the four men from the car, retrieved the plastic bag, felt an object like a gun, opened the bag, and recovered a loaded firearm wrapped in a T-shirt.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the gun recovered from the taxicab. The police had reasonable suspicion to stop the taxicab because the officer was able to articulate specific facts to support his conclusion that the defendant was armed (see People v Cantor, 36 NY2d 106, 112-113 [1975]; People v Ryan, 224 AD2d 644, 644 [1996]; People v German, 243 AD2d 647 [1997]).

The Supreme Court did not improvidently exercise its discretion and the defendant was not deprived of the right to a fair trial by the trial court's Sandoval ruling (see People v Sandoval, 34 NY2d 371, 374-375 [1974]), which permitted the People to ask the defendant about the facts underlying his youthful offender adjudication for attempted murder, which occurred during a robbery, but not to ask him about the adjudication itself.

The Supreme Court struck an appropriate balance between the probative value of the underlying facts of the defendant's youthful offender adjudication on the issue of his credibility and the possible prejudice to him (*see People v Hayes*, 97 NY2d 203, 207 [2002]; *People v Cook*, 37 NY2d 591, 595 [1975]; *People v Fotiou*, 39 AD3d 877 [2007]).

The sentence imposed was not excessive (*see* Penal Law § 70.02 [3] [c]; § 265.02; *People v Suitte*, 90 AD2d 80, 85 [1982]). Covello, J.P., Chambers, Lott and Cohen, JJ., concur.