■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WARREN, Appellant. [923 NYS2d 333]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered January 29, 2008, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the Supreme Court should have suppressed the statements he made to investigators at the State Police barracks. The record supports the Supreme Court's conclusion that the defendant knowingly and voluntarily waived his Fifth Amendment rights and that the inculpatory statements he made after being advised of his constitutional rights were not inadmissible because of his prior, unwarned statements (*see People v Paulman*, 5 NY3d 122, 134 [2005]; *People v Neal*, 60 AD3d 1158, 1159 [2009]; *People v Khan Li*, 50 AD3d 284, 285 [2008]; *cf. People v Chapple*, 38 NY2d 112, 115 [1975]; *People v Celleri*, 29 AD3d 707, 708 [2006]).

The defendant's contention that the evidence was legally insufficient to support his convictions of robbery in the first degree and robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt (*see People v Phillips*, 68 AD3d 1137 [2009]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

To the extent that the record permits review of the defendant's claim that his attorney was ineffective, we reject that claim. Viewing the record as a whole, he received meaningful representation (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Monsuri*, 83 AD3d 870 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Covello, J.P., Eng, Chambers and Miller, JJ., concur.