■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDIN COLLADO, Appellant. [933 NYS2d 738]—

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Bowles*, 89 AD3d 171 [2d Dept 2011]). "However, what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (*People v Rivera*, 71 NY2d at 708). Under the New York Constitution, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional

requirement will have been met" (*People v Baldi*, 54 NY2d 137, 146-147 [1981]; *see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Bowles*, 89 AD3d 171 [2011]). "While the inquiry focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Benevento*, 91 NY2d at 714). Thus, "[i]solated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is so serious that defendant did not receive a fair trial" (*People v Henry*, 95 NY2d 563, 565-566 [2000] [internal quotation marks omitted]; *see People v Gavalo*, 87 AD3d 1014 [2011]). Here, the defendant was not deprived of the effective assistance of counsel since, viewed in totality, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d at 712; *People v Baldi*, 54 NY2d at 147). Further, the defendant was not deprived of the effective assistance of counsel under the Federal Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant contends that the Supreme Court erred in permitting the People to elicit testimony that two witnesses to the crime had participated in a showup identification, during which they did not identify the detained suspect as the perpetrator of the robbery, and that the prosecutor improperly suggested during summation that two other witnesses participated in the showup identification. These claims are unpreserved for appellate review. Nonetheless, we reach the issues in the exercise of our interest of justice jurisdiction.

Where "the reliability of an eyewitness identification" is at issue, negative identification evidence, showing that a witness did not identify a suspect as the perpetrator, is admissible because it " 'can tend to prove that the eyewitness possessed the ability to distinguish the particular features of the perpetrator' " (*People v Wilder*, 93 NY2d 352, 356-357 [1999], quoting *People v Bolden*, 58 NY2d 741, 744 [1982] [Gabrielli, J., concurring]). Here, neither of the two witnesses who participated in the showup identification identified the defendant before or at trial. As such, no eyewitness identification of the perpetrator given by them was at issue, and it was irrelevant whether they " 'possessed the ability to distinguish the particular features of the perpetrator' " (*People v Wilder*, 93 NY2d at 356, quoting *People v Bolden*, 58 NY2d at 744). It was, therefore, error to permit the People to elicit the challenged negative identification testimony. In addition, the prosecutor improperly suggested during summation that two other witnesses, who did identify

the defendant in a lineup and at trial, participated in the showup identification.

Nonetheless, these errors were harmless. The People presented testimony from the two eyewitnesses to the incident, who separately identified the defendant in a lineup and at trial, and had ample opportunity to view him at the time of the robbery. Under the circumstances, there was overwhelming evidence of the defendant's guilt, and no significant probability that the errors contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.