THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN J. BRIGHTLY, Appellant. [935 NYS2d 890]

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally

sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the showup identification was spatially and temporally proximate to the commission of the crime, and was not unduly suggestive (*see People v Mais*, 71 AD3d 1163, 1165 [2010]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony.

The County Court providently exercised its discretion in allowing the People to impeach the defendant's credibility with the underlying facts of a prior youthful offender adjudication (*see People v Sandoval*, 34 NY2d 371 [1974]; *People v McLaurin*, 33 AD3d 819 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contention is unpreserved for appellate review, and in any event, is without merit. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.