■ The People of the State of New York, Respondent, v Deshawn Rogers, Appellant. [939 NYS2d 496]—

According to testimony adduced at a suppression hearing, in the early morning of May 9, 2009, several police officers conducted a "vertical" patrol of a building at the Bushwick

Houses in Brooklyn. The officers were in plain clothes and displayed their shields on a chain around their necks. While in the courtyard prior to entering the building, a sergeant observed the defendant remove what appeared to be a firearm from his waistband. The sergeant yelled "gun." The defendant saw the sergeant and fled into the building and up a stairwell, pursued by the sergeant. On the first floor landing, the defendant dropped the gun, and the sergeant recovered it before apprehending the defendant. The hearing court credited the sergeant's testimony and denied that branch of the defendant's omnibus motion which was to suppress the gun, as well as other physical evidence.

"The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). Contrary to the defendant's contention, on this record, there is no basis to disturb the hearing court's finding that the sergeant observed the defendant remove what appeared to be a firearm from his waistband prior to the defendant's flight and the sergeant's pursuit. The hearing testimony established that the sergeant had reasonable suspicion to pursue the defendant and, thus, the defendant's abandonment of the gun was not the product of an unlawful police pursuit (*see People v Stephenson*, 89 AD3d 872 [2011]; *People v Washington*, 81 AD3d 991, 992 [2011]; *cf. People v Brogdon*, 8 AD3d 290, 291-292 [2004]).

The defendant's claims that the prosecutor conducted improper cross-examinations of two defense witnesses are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gill*, 54 AD3d 965 [2008]; *People v Jones*, 46 AD3d 840 [2007]), and we decline to review them in the exercise of our interest of justice jurisdiction.

The defendant contends that certain of the prosecutor's comments on summation deprived him of a fair trial. The defendant failed to preserve for appellate review his contentions with respect to all of the challenged comments except two remarks which concerned the credibility of the officers who testified (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Brown*, 48 AD3d 590, 591 [2008]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, most of the challenged remarks were either responsive to the defense counsel's summation or fair comment upon the evidence. To the extent that some of the remarks were improper, they were not so flagrant or pervasive as to deny the defendant a fair trial, and thus, reversal is not warranted (*see People v Banyan*, 60 AD3d 861 [2009]; *People v*

*Almonte*, 23 AD3d 392, 394 [2005]). Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.