▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LEATH, Appellant. [950 NYS2d 277]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered October 28, 2009, convicting him of murder in the second degree and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of the effective assistance of counsel. "Under the New York Constitution, '[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met' " (*People v Collado*, 90 AD3d 672, 672-673 [2011], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Bowles*, 89 AD3d 171 [2011]). "[I]neffectiveness claims must be viewed within the context of

the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Clermont*, 95 AD3d 1349, 1351 [2012]; *see People v Benevento*, 91 NY2d at 714). "Isolated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is so serious that defendant did not receive a fair trial" (*People v Henry*, 95 NY2d 563, 565-566 [2000], quoting *People v Flores*, 84 NY2d 184, 188-189 [1994] [internal quotation marks omitted]; *see People v Collado*, 90 AD3d at 673). Here, contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Viewed in totality, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d at 712; *People v Baldi*, 54 NY2d at 147).

Moreover, the Supreme Court properly declined to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree. There was no reasonable view of the evidence that would support a finding that the defendant acted recklessly in causing the victim's death (*see People v Pizarro*, 89 AD3d 871 [2011]; *People v Davis*, 300 AD2d 673, 674 [2002]).

Further, there is no merit to the defendant's contention that the Supreme Court erred in permitting the prosecution to elicit hearsay testimony from a witness relating to the defendant's motive, as this testimony was admissible under the "state-of-mind" exception to the hearsay rule (*see People v Damon*, 78 AD3d 860 [2010]; *People v Jean-Baptiste*, 51 AD3d 1037, 1038 [2008]; *People v Rose*, 41 AD3d 742, 742-743 [2007]).

The defendant's contention, raised in point 5 of his brief, is without merit. The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.