■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUR JACOBS, Appellant. [955 NYS2d 525]

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive, as well as his contention that he received the ineffective assistance of counsel regarding that sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Collier*, 71 AD3d 909, 910 [2010]). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH JOHNSON, Appellant. [955 NYS2d 527]

The defendant's contention that the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) reflects a failure to exercise discretion is unpreserved for appellate review (*cf. People v Davis*, 50 AD3d 1589, 1590 [2008]). In any event, the Supreme Court providently exercised its discretion in rendering its *Sandoval* ruling (*see People v Brightly*, 91 AD3d 667, 668 [2012]; *People v Taylor*, 18 AD3d 783, 784 [2005]; *People v Coward*, 248 AD2d 397, 397-398 [1998]). We note that "an exercise of a trial court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning, particularly where, as here, the basis of the court's decision may be inferred from the parties' arguments" (*People v Walker*, 83 NY2d 455, 459 [1994] [citation omitted]).

The defendant's contention that the *Sandoval* ruling precluded him from offering the only testimony that would have been favorable to his case is similarly unpreserved for appellate review. In any event, the contention is without merit. Not only is the defendant's contention belied by the record, but "the possible unavailability of other witnesses" does not mandate a *Sandoval* ruling in a defendant's favor (*People v Hayes*, 97 NY2d 203, 208 [2002]; *see People v Garcia*, 45 AD3d 860 [2007]). Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.