■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEON BRUMMEL, Appellant. [962 NYS2d 182]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered November 22, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Reichbach, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of murder in the second degree because the People failed to prove the element of intent to kill is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (*see People v Hollman*, 98 AD3d 584, 585 [2012]; *People v Norris*, 98 AD3d 586 [2012]). Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence presented at trial supported a finding

that the defendant was not acting "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he killed the victim (Penal Law § 125.25 [1] [a]; *see People v Roman*, 84 AD3d 840, 841 [2011]; *People v Reynart*, 71 AD3d 1057 [2010]).

Although certain hearsay statements made by the victim should not have been admitted into evidence at the trial (*see People v Maher*, 89 NY2d 456, 460 [1997]; *People v Nieves*, 67 NY2d 125, 131 [1986]; *People v Wlasiuk*, 32 AD3d 674, 680 n 4 [2006]; *see also People v Roberts*, 94 AD3d 1151 [2012]), the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hollman*, 98 AD3d at 585).

The defendant's contention, in effect, that the Supreme Court should have reopened the suppression hearing is unpreserved for appellate review because the defendant did not request this relief before the Supreme Court (*see* CPL 470.05 [2]; *People v Riley*, 79 AD3d 911, 912 [2010]). In any event, the contention is without merit. Moreover, having failed to move to reopen the hearing, the defendant may not rely upon developments during the course of the trial to challenge the suppression ruling (*see People v Fleming*, 65 AD3d 702, 703 [2009]). Based upon the evidence before it (*see People v Wellington*, 84 AD3d 984, 985 [2011]; *People v Fleming*, 65 AD3d at 703-704), the suppression court properly denied that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials (*see People v Warren*, 84 AD3d 1125, 1126 [2011]; *People v Bell*, 131 AD2d 859, 860-861 [1987]).

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Collado*, 90 AD3d 672, 672 [2011]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Collado*, 90 AD3d at 673). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant's contentions raised in point two of his main brief and in his pro se supplemental brief relating to the issues of whether the admission of certain testimony and evidence deprived him of a fair trial and violated the Confrontation

Clause, and whether reversal is warranted due to the late disclosure of notations on a "psych report" and the opinion of an expert witness who did not testify at trial, are unpreserved for appellate review and, in any event, without merit. The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.