Appeal by the defendant from a judgment of the Supreme *554 Court, Kings County (Del Giudice, J.), rendered June 8, 2010, convicting him of attempted murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish his guilt of attempted robbery in the first degree under an accomplice theory of liability beyond a reasonable doubt (see Penal Law §§ 20.00, 110.00, 160.15 [2]; People v Witherspoon, 300 AD2d 605 [2002]; People v Mejia, 297 AD2d 755 [2002]; People v Davis, 260 AD2d 726, 728 [1999]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to attempted robbery in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant was not deprived of the right to a fair trial by the trial court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]; People v Brightly, 91 AD3d 667 [2012]; People v Washington, 81 AD3d 991, 993 [2011]; People v Taylor, 18 AD3d 783, 784 [2005]; People v Footman, 233 AD2d 405 [1996]).
“The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions” (People v Rivera, 71 NY2d 705, 708 [1988]; see US Const Sixth Amend; NY Const, art I, § 6; People v Collado, 90 AD3d 672, 672 [2011]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel’s performance in totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Collado, 90 AD3d at 673). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668 [1984]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.E, Balkin, Austin and Sgroi, JJ., concur.