People v Mishk (2019 NY Slip Op 05158)





People v Mishk


2019 NY Slip Op 05158


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-02265

[*1]The People of the State of New York, respondent,
v
Jonathan Mishk, appellant. (S.C.I. No. 276/17)


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered February 16, 2018, convicting him of rape in the third degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Although the defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337, 339, 341-342; People v Lopez, 6 NY3d 248, 254, 257), his claim with respect to the voluntariness of the plea survives such a waiver (see People v Seaberg, 74 NY2d 1, 10; People v Murphy, 114 AD3d 704, 705; People v Joseph, 103 AD3d 665). The defendant's contention, however, that his plea was not knowing, voluntary, or intelligent is unpreserved for appellate review, since he did not move to withdraw his plea prior to sentencing (see CPL 220.60[3]; People v Peque, 22 NY3d 168, 182; People v Murray, 15 NY3d 725, 726; People v Toxey, 86 NY2d 725, 726; People v Dancy, 156 AD3d 717). In any event, the plea of guilty was knowing, voluntary, and intelligent (see People v Tyrell, 22 NY3d 359, 365; People v Harris, 61 NY2d 9, 19-21).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive, as well as his contention that he received the ineffective assistance of counsel in connection with that sentence (see People v Jacobs, 101 AD3d 1044; People v Collier, 71 AD3d 909, 910). To the extent that the defendant is claiming that the alleged ineffective assistance of counsel affected the voluntariness of his plea (see People v Rodriguez, 144 AD3d 950; People v Moore, 140 AD3d 1091), the claim is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is without merit (see Penal Law §§ 70.45[2-[*2]a][a]; 70.80[4][a][iv]).
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court